**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kathey L. Staton, Employee, Appellant,

v.

Mohawk Industries, Inc., Employer, and Liberty Mutual, Carrier, Respondents.

Appellate Case No. 2015-001675

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-521
Submitted October 1, 2016 – Filed December 21, 2016

**AFFIRMED**

Stephen J. Wukela, of Wukela Law Office, of Florence, for Appellant.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, and Jonathan Brandon Hylton, of McAngus Goudelock & Courie, LLC, of Florence, for Respondents.

**PER CURIAM:** Staton appeals the decision of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel). She argues the Appellate Panel erred in finding (1) Mohawk Industries, Inc. (Mohawk), and

Liberty Mutual (collectively, Respondents) properly raised the defense of notice; (2) Staton discovered, or could have discovered by exercise of reasonable diligence, that her injury was compensable on or about November 20, 2012, and she was obligated to give Mohawk notice within ninety days of that date; and (3) Staton did not give adequate notice of her injury within ninety days. We affirm.[1]

As to issue 1, we find the Appellate Panel did not err in finding Respondents properly raised the defense of lack of timely notice. Staton argued Respondents forfeited their right to assert the defense of lack of timely notice because Respondents failed to respond to Staton's first Form 50. However, Staton's first Form 50 alleged an accidental injury, whereas Staton's second Form 50 alleged a repetitive trauma injury. The General Assembly has provided different notice requirements for accidental injuries and repetitive trauma injures. *Compare* S.C. Code Ann. § 42-15-20(B) (2015) (providing an employee alleging an accidental injury must give notice within ninety days after the occurrence of the accident or death), *with* S.C. Code Ann. § 42-15-20(C) (2015) (providing an employee alleging a repetitive trauma injury must give notice within ninety days of the date the employee discovered, or could have discovered by exercising reasonable diligence, that his condition is compensable). Because Respondents filed a Form 51 within thirty days of Staton's second Form 50, we find Respondents timely responded and asserted the defense of lack of timely notice to Staton's allegation of a repetitive trauma injury. *See* S.C. Code Ann. Regs. 67-603(C) (2012) ("Failure to file a Form 51 or Form 53 within [thirty days of service of the Form 50 or Form 52] shall be deemed a general denial of liability for the benefits claimed and the employer and its representative by the failure to respond within [thirty days of service of the Form 50 or Form 52] shall forfeit each special and affirmative defense allowed by the Act including the defenses available in Sections 42-9-60, 42-15-20, 42-15-40, and 42-17-90 of the Act.").

As to issues 2 and 3, we find the Appellate Panel did not err in finding Staton failed to provide timely notice of her repetitive trauma injury to Mohawk. *See* S.C. Code Ann. § 42-15-20(C) ("In the case of repetitive trauma, notice must be given by the employee within ninety days of the date the employee discovered, or could have discovered by exercising reasonable diligence, that his condition is compensable, unless reasonable excuse is made to the satisfaction of the commission for not giving timely notice, and the commission is satisfied that the employer has not been unduly prejudiced thereby."); *King v. Int'l Knife & Saw-*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*Florence*, 395 S.C. 437, 444, 718 S.E.2d 227, 231 (Ct. App. 2011) (finding a repetitive trauma injury becomes compensable when the injured employee discovered or should have discovered he qualified to receive benefits for medical care, treatment, or disability due to his condition). Staton testified that when she sought medical care in November 2012, she believed her pain was work-related. However, she testified she did not provide notice of her injury to Mohawk until June 28, 2013, more than seven months later. Accordingly, the Appellate Panel did not err in barring compensation pursuant to section 42-15-20(C) based on Staton's failure to give Respondents timely notice of her repetitive trauma injury claim. *See id.* at 445, 718 S.E.2d at 231 (finding appellant's condition was compensable when it either required medical care or interfered with his ability to perform his job, whichever occurred first).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**